## ALASKA MOVERS ASSOCIATION et al., Plaintiffs,

v.

## Harold BROWN et al., Defendants.

### Civ. A. No. 78–2.

United States District Court, District of Columbia.

Feb. 17, 1978.

Carl Eardley, Beveridge, Fairbanks & Diamond, Washington, D. C., for plaintiffs.

William H. Briggs, Asst. U. S. Atty., Washington, D. C., for defendants.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

In this action the Alaska Movers Association and a number of its members challenge the validity of the issuance of a Rate Solicitation Letter dated December 1, 1977 by the Military Traffic Management Command (MTMC), an organization within the Department of Defense (DOD). The said Rate Solicitation Letter outlined the Competitive Rate Program (CRP) through which the DOD would procure contracts to ship household goods of military servicemen to and from Alaska. The matter is before the Court on Cross-Motions for Summary Judgment.

In 1976, the Comptroller General of the United States urged the DOD to inject greater competition into the household goods transportation rate submission proce-

dures.[1] The DOD, through the MTMC introduced the CRP in Okinawa and Germany, after an initial trial involving only Okinawa. Under the CRP, carriers submit competitive rates based on offers of volume traffic. Carriers who establish the low rates are awarded a prescribed percentage of tonnage on the particular routes for which they set the initial rate levels. The remaining carriers are subsequently permitted to voluntarily adjust their rates to participate in the traffic not awarded to the rate setter. This system replaces the previous "me-too" system where transportation requirements were shared equally by the carriers submitting the low rate and other carriers willing to meet that low rate.

On January 3, 1978 plaintiffs instituted this suit and sought a preliminary injunction to restrain application of the Competitive Rate Program to the transportation of household goods of DOD personnel to and from Alaska. On January 6, 1978 the Court denied the Motion for Temporary Restraining Order and Preliminary Injunction.

Plaintiffs contend that they were denied due process under the Fifth Amendment as their property interests were adversely affected by the government action. In addition, they allege that MTMC's inclusion of the State of Alaska in its Rate Solicitation Letter of December 1, 1977 was arbitrary and capricious and not a product of reasoned decision making.

■ It is well established that anyone hoping to contract with the United States has no property right to government contracts; only a right to an equal opportunity to seek government contracts. *Schraier v. Hickel*, 136 U.S.App.D.C. 81, 419 F.2d 663 (1969); *Gonzalez v. Freeman*, 118 U.S.App. D.C. 180, 334 F.2d 570 (1964); *Copper Plumbing & Heating Co. v. Campbell*, 110

U.S.App.D.C. 177, 290 F.2d 368 (1961). This right of equal opportunity to contract is recognized and embodied in the statutes and directives on which the CRP is based.[2]

It is clear from the record that plaintiffs are not being barred from future contracting opportunities, nor are they being stigmatized in any way. The Rate Solicitation Letter provided notice of the CRP, and plaintiffs have been availed an equal opportunity to compete in the open market for DOD business.

To insure that all carriers have an equal opportunity to submit their rates, with no unfair competitive advantage accruing to any carrier, announcements of specific planned expansions are not made to the industry until after the final decision has been reached in DOD. This procedure was followed in the present case. The announcement was made on November 18, 1977 stating that expansion of the CRP to Alaska would become effective beginning with the May 1, 1978 rate cycle, and the Rate Solicitation Letter was sent on December 1, 1977.

■ The DOD decision to expand the CRP to Alaska did not violate due process since the plaintiffs had no right to a government contract, but only a right to an equal opportunity to contract, which was preserved and protected by the Department of Defense.

Secondly, it appears from the record that the Department of Defense's expansion of the CRP to Alaska was the result of reasoned decision making. The record reveals that the CRP was instituted on a trial basis in Okinawa in 1976. DOD publicly expressed its intentions for worldwide expansion of the CRP on May 11, 1976 when the Deputy Assistant Secretary testified to that effect before a Congressional Committee.[3]

1. *Adoption of a Single Method of Shipping Household Goods Overseas—Pros and Cons: Report to the House Comm. on Appropriations by the Comptroller General of the United States* No. LCD–76–225 (May 6, 1976)

2. "In negotiations involving general rate and service matters or competitive procurement the responsible DOD element will assure that all qualified carriers are afforded an opportunity to participate on an equal basis." 32 C.F.R. § 178(e)(2) (1976); *See* 10 U.S.C. § 2304(g) 1970.

3. *Hearings on H.R. 8849 and H.R. 13257 Before the Subcomm. on Merchant Marine of the House Comm. on Merchant Marine and Fisheries*, 94th Congress, 2d Session 17 (1976) (Statement of Paul H. Riley).

Substantial savings were realized from the institution of the CRP in Okinawa and Germany.

The initial program and each succeeding phase, including the expansion to Alaska had been approved formally by the Department of Defense and coordinated with interested members of Congress prior to the DOD decision. In addition, correspondence and discussion regarding the program had taken place with industry representatives, the Government Accounting Office, the Small Business Administration, and the Office of Federal Procurement Policy.

It appears, therefore, that the institution of the CRP and its expansion to Alaska was a well reasoned decision, undertaken after consideration of projected monetary savings and consultation with many private industry and government representatives, and that the defendants had a rational basis for their action.

Accordingly, plaintiffs' Motion for Summary Judgment is denied and defendants' Motion for Summary Judgment is granted.